THE STATE ex rel. MITCHELL et al., Appellants, v.
GUINOTTE, Judge.

**In Banc, February 24, 1904.**

**APPOINTMENT OF ADMINISTRATOR:** Appellate Jurisdiction.
Where the only issue is who shall be administrator of the estate, and the fees for administering it will amount to less than
$4,500, the Supreme Court has no jurisdiction of an appeal from
a judgment of the circuit court in a proceeding by mandamus
against the probate judge to compel him to appoint relator administrator.

Transferred from Kansas City Court of Appeals.

REMANDED TO KANSAS CITY COURT OF APPEALS.

*Jas. C. Williams* and *F. M. Black* for appellants.

*Johnson & Lucas* for respondent.

MARSHALL, J.—This is a proceeding by mandamus to compel the respondent, as judge of the probate court of Jackson county, to revoke the appointment of Edwin R. Crutcher, as administrator of the estate, in Missouri, of Samuel A. Mutchmore, deceased, lately of Philadelphia, Pennsylvania, and to appoint one of the relators administrator thereof.

The petition, which was taken as the alternative writ, states that Samuel A. Mutchmore, was a resident of Philadelphia, Pennsylvania, and died there, leaving a large estate, and owning about seventy-five thousand dollars worth of property in Jackson county, Missouri; that he left a will, whereby he appointed his wife the executrix of his estate, and by which he devised three thousand dollars to James W. Mitchell, one of the relators; that he left no kin in Missouri except relators; that the will provided for certain legacies, but made no

provision for the residuum after the legacies are paid, and that after they are paid and the widow is given her portion, there will remain about ninety thousand dollars of the estate, to which the relator, Mary B. Mitchell, will be entitled as heir of the deceased; that the testator died on October 30, 1898, and the probate court of Jackson county appointed Crutcher administrator of the estate in Missouri on June 7, 1899, and that the relators had no notice of the application for letters of administration in Missouri, and had not renounced their right to administer upon the estate as required by section 9, Revised Statutes 1889. The prayer of the petition is that the order appointing Crutcher be revoked and that one of the relators be appointed as administrator, in Missouri.

The respondent entered his appearance and filed his return. He admitted the appointment of Crutcher and the filing by the relators of a motion to vacate the same, and alleged that he heard the motion and in the exercise of his judicial discretion he overruled the same, and that the testimony adduced upon the hearing of the motion amply justified his action. He then denied other allegations of the petition, and pleaded that the relators have an adequate remedy at law for the grievances complained of, and further averred that the petition fails to state a cause of action. The reply is a general denial. The circuit court heard the case and denied the peremptory writ, and the relators appealed to the Kansas City Court of Appeals. That court certified the case to this court upon the ground that more than forty-five hundred dollars is involved.

This court has no jurisdiction. The fact that the estate in Missouri is worth seventy-five thousand dollars, and the fact that one of the relators will get three thousand dollars as devisee under the will and the other relator will get ninety thousand dollars as heir to the residuum of the estate, is wholly immaterial, for they will get the same amount no matter who administers

upon the estate.   The sole question involved in this controversy is, who shall administer upon the estate.   The only pecuniary interest an administrator has in an estate is the commissions he gets for his services, which are ordinarily five per cent on the amount that passes through his hands.   If the estate in Missouri should turn out to be worth seventy-five thousand dollars, as the relators charge, the commission of the administrator would only amount to thirty-seven hundred and fifty dollars, which is below the jurisdiction of this court. For this reason the cause is remanded to the Kansas City Court of Appeals.   All concur, except *Burgess, J.*, absent.